(877 P.2d 975)

Nos. 69,880
69,881
69,882

STATE OF KANSAS, *Appellee,* v. ALVIN D. OLIVER, *Appellant.*

Opinion filed July 15, 1994.

*Mark J. Sachse,* of Kansas City, for appellant.

*Jerome A. Gorman,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before GREEN, P.J., BRAZIL, J., and DAVID L. THOMPSON, District Judge, assigned.

GREEN, J.: Alvin D. Oliver, defendant, appeals his three convictions of aggravated robbery. In one of his convictions, he contends the trial court erred in instructing the jury on aggravated robbery because no evidence was introduced that the victim ever saw a weapon used in the robbery. He further contends the trial court erred by allowing the State to reopen its case and put on additional evidence and by denying his motion for mistrial based upon the ineffectiveness of his codefendant's counsel.

Defendant first argues the trial court erred when it instructed the jury on the crime of aggravated robbery in connection with the robbery of David Hamilton. At the time of the robbery, Hamilton was employed as a clerk for the J.N.T. convenience store. Defendant argues that because Hamilton failed to testify he saw defendant with a gun, it was improper for the jury to convict him of aggravated robbery.

K.S.A. 21-3427 defines "aggravated robbery" as a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon someone during the course of the robbery. The test for a dangerous weapon is subjective. Consequently, if a robber intends for a victim to believe the object used to assist in the robbery is a dangerous weapon and the victim reasonably believes the object to be a dangerous weapon, then the object will be considered a dangerous weapon for purposes of the aggravated robbery statute. *State v. Childers*, 16 Kan. App. 2d 605, 609, 830 P.2d 50 (1991).

Defendant contends the language in *Childers* supports the proposition that a victim must not only believe the object is a dangerous weapon, but also observe the object to properly charge a defendant with aggravated robbery. Although defendant is correct when he says there must be an object which a victim believes is a dangerous weapon, we find no requirement that a victim must actually see the object to properly charge a defendant with aggravated robbery. For example, in *State v. Robertson*, 225 Kan. 572, 574, 592 P.2d 460 (1979), our Kansas Supreme Court, quoting from *State v. Buggs*, 219 Kan. 203, 547 P.2d 720 (1976), stated: "[T]he aggravated robbery statute (K.S.A. 21-3427) requires only that the robber be 'armed with' a dangerous weapon, not that the robber openly display the weapon to the victim." 225 Kan. at 574.

Hamilton testified defendant kept his right hand below the counter at all times and gestured with his left. According to Hamilton, defendant asked him, "Should I lay you out with the butt of my gun?" At another point, defendant asked his codefendant, "Should I blow the motherfucker's head off?" Hamilton further testified that he believed defendant had a gun. The actions of defendant, coupled with his statements, raised the inference that he was armed with a dangerous weapon, and, therefore, the

trial court did not err in instructing the jury on aggravated robbery. See *Robertson,* 225 Kan. at 574.

Defendant next argues the trial court erred in allowing the State to reopen its case to cure a defect, which was the subject of defendant's motion in limine, after the State had rested its case.

At the conclusion of the State's case, defendant's attorney moved to exclude any reference to defendant wearing blue coveralls. Although one of the pictures that was used to identify defendant showed him wearing blue coveralls, no testimony was introduced to show when the picture was taken. Because a witness had testified that one of the robbers wore blue coveralls, defendant's attorney asked that the State be prohibited from mentioning that picture to raise the inference that defendant was the robber.

The trial court stated that because the request was in the nature of a motion in limine, the request should be made in writing. The court then recessed the trial until the following Monday. On Monday morning, the State moved to reopen its case in chief to present evidence that defendant was wearing a blue jumpsuit on the night that he had been arrested. After defendant objected, the trial court allowed the State to reopen its case. The State then recalled Officer Hogue, who testified that defendant was wearing a purple jumpsuit on the night he was arrested.

The trial court has the discretion to permit either one or both parties to reopen the case and present additional evidence after having rested. *State v. Carmichael,* 240 Kan. 149, 157, 727 P.2d 918 (1986). An abuse of that discretion exists when no reasonable person would take the view of the trial court. 240 Kan. at 157. Here, before the State reopened its case, defendant had presented no evidence. In fact, defendant declined to present any evidence during the trial. Furthermore, because Hogue testified defendant was wearing a purple jumpsuit instead of a blue jumpsuit when he was arrested, this evidence certainly was not prejudicial to defendant. Consequently, we conclude the trial court did not abuse its discretion by allowing the State to reopen its case.

Defendant next argues the trial court erred in failing to grant his motion for a mistrial because counsel for his codefendant was

ineffective. According to defendant, counsel for his codefendant permitted the codefendant to take the stand and allowed him not only to implicate himself, but also to implicate defendant in the charged crimes.

The standard of review on the trial court's refusal to declare a mistrial is abuse of discretion. *State v. Minski*, 252 Kan. 806, 812, 850 P.2d 809 (1993).

Defendant advances a novel argument because Kansas has not addressed this issue. Moreover, defendant cites no authority for the proposition that he can raise the ineffectiveness of his codefendant's counsel as an issue. While it is true the Sixth Amendment to the United States Constitution guarantees defendant effective assistance of counsel, the Sixth Amendment does not guarantee him effective assistance of his codefendant's counsel.

In addition, defendant failed to move for severance under K.S.A. 22-3204. While defendant is upset about statements made by his codefendant that implicated him in the crimes, the situation is no different from the risks normally taken by a defendant when going to trial with a codefendant.

Consequently, the trial court did not abuse its discretion in failing to grant defendant's motion for mistrial.

Affirmed.