Michael R. FAGAN, Petitioner,

v.

KANSAS PAROLE BOARD,
et al., Respondents.

No. 98–3410–DES.

United States District Court,
D. Kansas.

May 27, 1999.

Michael R Fagan, Wichita, KS, Pro se.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner states he is cur-

rently on parole for service of the sentence imposed in his 1990 state conviction for aggravated robbery. Petitioner proceeds pro se, and has paid the filing fee in this habeas corpus action.

In seeking relief from his state conviction and sentence, petitioner raises five grounds, alleging his guilty plea and sentence in the state court violated his rights under the United States Constitution and Kansas law.

█ An individual in custody pursuant to a state court judgment is entitled to seek habeas corpus relief under § 2254 to challenge the constitutionality of that custody after first exhausting available state court remedies on such claims. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and 28 U.S.C. § 2254(b)(1).

A review of the record reveals that petitioner raised the same five grounds in a previous petition filed under § 2254, which another judge in this district dismissed without prejudice based on petitioner's failure to exhaust state court remedies. *See Fagan v. Kansas Parole Board,* Case No. 97–3055–RDR, *(dismissed without prejudice* September 28, 1998).

█ In dismissing the petition, that court commented on petitioner's possible procedural default in the state courts on the five claims, noting that petitioner unsuccessfully sought relief on the five claims in a state motion for post-conviction relief under K.S.A. 60–1507, and then failed to seek state appellate review of that decision. Petitioner was advised that if state court relief on the five claims was now precluded, then petitioner would have to show "cause and prejudice" [1] or "manifest injustice" [2] for his procedural default in the

---

1. Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639 (1986). The prejudice prong requires the petitioner to show that he has suffered actual and substan-

tial disadvantage as a result of the default. *See United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The prejudice prong is not satisfied if there is strong evidence of petitioner's guilt. *Id.* at 172, 102 S.Ct. 1584.

2. To be excused from procedural default on the basis of the fundamental miscarriage of

state courts. *See Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir.1993).

■ In the instant matter, petitioner indicates he failed to file an appeal in the state courts because he was waiting for a decision on his federal habeas corpus petition, and because he did not know he was required to file an appeal. These reasons constitute neither "cause" nor "prejudice" for petitioner's failure to seek state appellate review of his claims.

■ Petitioner also argues he is asserting a claim of actual innocence, which would result in manifest injustice if habeas review is barred. The court does not agree.

Giving petitioner's five claims the most liberal reading, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), petitioner essentially argues his guilty plea to the charge of aggravated robbery must be set aside because there is no factual basis for finding petitioner possessed a gun during the robbery. Petitioner bases this claim on attorney statements in the state transcripts of petitioner's plea and sentencing,[3] indicating petitioner had no gun during the robbery.

The state statute defines aggravated robbery in relevant part as a robbery committed by a person who is armed with a dangerous weapon. K.S.A. 21–3427. However, the Kansas test for being "armed with a dangerous weapon" is subjective, such that if the robber intends for the victim to believe there is an object that is a dangerous weapon, and the victim reasonably believes so, then the object will be considered a dangerous weapon for purposes of the aggravated robbery statute. *See e.g., State v. Oliver*, 877 P.2d 975, 19 Kan.App.2d 842 (1994). Notwithstanding the discovery that no gun was ever found or seen, petitioner's plea was based on a factual representation that witnesses would testify that petitioner held an object that he said was a gun, and by which threat he obtained money from the victim. Accordingly, no colorable claim of actual innocence is demonstrated.

■ Finding no showing of cause or prejudice for petitioner's procedural default, or that a fundamental miscarriage of justice would result if habeas corpus review is denied, the court concludes the petition for writ of habeas corpus is barred by petitioner's procedural default in the state courts.[4]

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is

---

justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 405, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *Brecheen v. Reynolds*, 41 F.3d 1343, 1356 (10th Cir.1994).

3. *See Fagan v. Kansas Parole Board*, 97–3055–RDR, Doc. 3, attached transcript.

4. Because petitioner was previously advised that federal habeas corpus review of his claims might be barred by his procedural default, and because petitioner addressed the "cause and prejudice" and "manifest injustice" standards in the instant petition that raises the identical claims, the court concludes dismissal of the petition based on procedural default requires no further notice to petitioner.

The court further finds dismissal based on petitioner's procedural default is appropriate notwithstanding petitioner's second motion under K.S.A. 60–1507 that is currently pending in the state court. In that second motion, petitioner reasserts one of his five claims, a double jeopardy claim that he contends was not "answered" by the state district court in the previous motion. Given petitioner's failure to appeal the state district court's denial of the first 1507 motion, the second motion is clearly repetitive and subject to dismissal on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(recognizing anticipatory procedural default for purposes of federal habeas review if the court to which petitioner must present his claim would now find claim procedurally barred).

dismissed as barred by petitioner's procedural default.