(988 P.2d 258)
No. 78,519

STATE OF KANSAS, *Appellee*, v. PERNELL MONTGOMERY, *Appellant*.

—

Opinion filed August 6, 1999.

*Bradley P. Sylvester*, special appellate defender, of Wichita, for appellant.

*Gwynne E. Harris* and *Brenda Taylor-Mader*, assistant district attorneys, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT, J., and JOHN J. BUKATY, Jr., District Judge assigned.

ELLIOTT, J.: Pernell Montgomery appeals his convictions of aggravated robbery and attempted rape.

We affirm in part and reverse in part.

While walking on the street that was on the west edge of Gage Park in Topeka early one morning, A.D. said, "good morning" to a young man who was jogging. A short time earlier she had noticed a KCI Roadrunner van backed into a park driveway. She was later grabbed from behind by a man who said he had a knife. He told her he would cut her throat if she did not do as he demanded. She recognized the clothing and voice as belonging to the man she had spoken to earlier.

The assailant pushed A.D. to the ground, pulled her jogging pants down, unzipped his pants, and attempted to penetrate her vagina. A.D. struggled and screamed. A.D.'s glasses came off several times during the ordeal and she put them back on. The attack ended abruptly; the assailant grabbed A.D.'s glasses and left. It was later discovered the assailant had ejaculated on A.D.'s clothing.

A.D. made her way to a nearby home and called 911. When the victim was speaking to the police, the homeowner observed a man fitting the description of the assailant running away and saw the KCI Roadrunner van in the park. Later, he found A.D.'s glasses near the area where she was attacked.

Police went to the KCI Roadrunner place of business and found a man (appellant) who fit the description of the assailant. DNA testing revealed that the semen found on A.D.'s clothing matched that of appellant. The probability that anyone other than appellant was the donor of the semen was 1 in 980 million.

Appellant was originally charged with attempted rape and aggravated robbery. He was convicted on both counts.

Appellant first claims the trial court erred in failing to instruct on aggravated sexual battery as a lesser included offense of attempted rape. The argument fails. Aggravated sexual battery is not a lesser included crime of attempted rape. *State v. Mason*, 250 Kan. 393, 401, 827 P.2d 748 (1992).

Appellant also argues the trial court erred in denying his motion for judgment of acquittal, claiming there was insufficient evidence to support a finding that a dangerous weapon had been used in the course of the crimes and that the taking of A.D.'s glasses cannot constitute robbery.

### The deadly weapon issue

Whether a weapon is dangerous in the context of aggravated robbery, K.S.A. 21-3427, is a fact question for the jury. *State v. Bafford*, 255 Kan. 888, Syl. ¶ 3, 879 P.2d 613 (1994). The test for whether a weapon is dangerous is subjective. If a robber intends for the victim to believe the object is a dangerous weapon and the victim reasonably believes that it is, then the object is a dangerous

weapon for purposes of K.S.A. 21-3427. *State v. Oliver*, 19 Kan. App. 2d 842, Syl. ¶ 1, 877 P.2d 975 (1994).

In the present case, appellant held a metal object to A.D.'s throat and told her several times that he had a knife and he was going to cut her throat. A.D.'s testimony is not totally consistent. At one point, she stated she did not believe appellant had a knife. She also testified she "didn't know if [it] was a knife or not" and that she thought the object might "possibly be a pocket knife."

Whether A.D. believed the object was a knife, she clearly believed she was in danger. At one point, A.D. testified she thought she would die because she could not get out of the situation. The jury believed A.D. was fearful for her life. The testimony was sufficient to demonstrate a subjective belief that the object being held to her throat was a dangerous weapon. See *Bafford*, 255 Kan. at 898; *Oliver*, 19 Kan. App. 2d 842, Syl. ¶ 1. The evidence was sufficient to show that defendant attempted intercourse with the victim while she was overcome by force or fear. Defendant's conviction for attempted rape is affirmed.

### *The aggravated robbery issue*

Finally, appellant claims the trial court erred in finding his removing of A.D.'s glasses constituted a taking pursuant to K.S.A. 21-3426. Since we are required to interpret the statute, our review is unlimited. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). Whether a taking which occurs to facilitate another crime constitutes a robbery is a question of first impression.

Appellant argues there was no "taking" and, therefore, there was insufficient evidence to convict him of aggravated robbery. The argument is misdirected. To constitute robbery by forcibly taking property from the person or presence of the victim, the violence to the victim must either precede or be contemporaneous with the taking. *State v. Bateson*, 266 Kan. 238, Syl. ¶ 1, 970 P.2d 1000 (1998).

In the present case, a taking clearly occurred. Appellant removed A.D.'s glasses contemporaneous to his attack on her. Accordingly, the question is not whether a taking occurred, but whether a taking

which does nothing more than facilitate the commission of another crime should constitute robbery.

Interestingly, there is no explicit intent requirement in K.S.A. 21-3426; it does not require that a defendant intend to permanently deprive the victim of his or her property. On the other hand, theft, which is a lesser crime both in its severity level and its effect on a defendant's criminal history score, *does* contain an intent element. Theft is the obtaining or exerting unauthorized control over property with intent to deprive the owner permanently of the possession, use, or benefit of the property. K.S.A. 21-3701(a).

One Supreme Court case, however, seems to read an intent requirement into K.S.A. 21-3426. In *State v. Adam*, 257 Kan. 693, 896 P.2d 1022 (1995), the defendant became involved in a fight and stabbed and killed the victim. 257 Kan. at 696. Defendant then picked up the victim's hat lying near the body and threw it in his car. Defendant was convicted of aggravated robbery of the hat.

On appeal, the Supreme Court reversed, holding that a jury instruction which omitted an intent requirement for robbery was erroneous because under the instruction given the jury could have found defendant guilty even if he did not intend to take the hat. 257 Kan. at 699-700.

*Adam* can be distinguished from the present case because there the Supreme Court ruled that defendant had no intent to *take* the hat, and here, the question is whether appellant intended to *keep* the glasses. But it seems illogical to us that a defendant who takes something and keeps it does not have the intent for robbery, while a defendant who takes something but does not keep it has the requisite intent for robbery.

Stated differently, it is incongruous that theft—which in this case would be a class A nonperson misdemeanor—requires an intent to permanently deprive the victim of her property, but robbery—a level 5 person felony—does not. More confusing, still, is the fact that theft—which contains an explicit intent requirement—has been defined as a *lesser* degree of robbery. *State v. Long*, 234 Kan. 580, 592, 675 P.2d 832 (1984), *disapproved in part on other grounds* 238 Kan. 356, 365, 710 P.2d 1279 (1985). *Cf.* PIK Crim.

3d §§ 56.30 and 59.01. How can a *lesser* crime have a *greater* intent requirement?

It is clear that the removal of A.D.'s glasses was incidental to the commission of the attempted rape. Appellant removed—and then discarded—A.D.'s glasses. Clearly, he did so to facilitate his crime of attempted rape and to make it more convenient, as A.D. might be less able to identify him. There is no evidence in the record that appellant removed the glasses with an intent to keep them. All of the evidence leads to the conclusion that he took the glasses to facilitate the crime of attempted rape but *not* to commit the crime of robbery. And without a robbery, there can be no aggravated robbery.

Under the ruling in *Adam*, the taking of A.D.'s glasses was incidental to the crime of attempted rape and had no significance independent of that crime. The trial court erred in denying appellant's motion for acquittal of the aggravated robbery charge.

Affirmed in part and reversed in part.