NOT DESIGNATED FOR PUBLICATION

No. 111,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID C. VILLALOBOS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed October 16, 2015. Affirmed.

*Michael P. Whalen* and *Krystle M. S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek L. Schmidt*, attorney general, for appellee.


Before MALONE, C.J., MCANANY and ATCHESON, JJ.


*Per Curiam*: Defendant David C. Villalobos appeals from a ruling of the Sedgwick County District Court denying a multipronged motion to set aside his plea of no contest, his conviction, and his sentence for aggravated robbery premised on the legal insufficiency of the State's proffered factual basis for the plea. The district court denied the motion. Although there are likely procedural bars to Villalobos' challenge, we skip over those to affirm because the substantive premise he advances is faulty.

1

In 2008, Villalobos pleaded no contest to a single count of aggravated robbery, then a felony violation of K.S.A. 21-3427. The plea agreement with the State included a joint recommendation for a comparatively lenient sentence. The district court, noting Villalobos' criminal history among other factors, declined to follow the plea agreement and imposed a sentence of 120 months in prison—a term, nonetheless, shorter than the guidelines range.

During his incarceration, Villalobos has launched various attacks on his conviction and sentence. He appealed his sentence to the Kansas Supreme Court, which affirmed in an unpublished opinion. *State v. Villalobos*, No. 101,404, 2010 WL 445492, at *1 (Kan. 2010) (unpublished opinion). In 2010, he filed a motion to withdraw his plea. The district court denied the motion, and Villalobos eventually dismissed his appeal to this court. The next year he filed a motion for habeas corpus relief under K.S.A. 60-1507 to set aside his plea because of defects in the factual basis and because the lawyer defending him in the district court provided constitutionally ineffective assistance. The district court denied the motion, and this court upheld that ruling. *Villalobos v. State*, No. 106,852, 2013 WL 1688931, at *1 (Kan. App.) (2013) (unpublished opinion), *rev. denied* 297 Kan. 1257 (2013).

That brings us to Villalobos' present attack. In March 2014, Villalobos filed a motion premised on the insufficiency of the State's factual recitation that provided the basis for his no contest plea. The motion contends the purportedly inadequate factual basis deprived the district court of jurisdiction, so he should be allowed to withdraw the plea or to correct an illegal sentence. He also suggests the criminal case ought to be dismissed. The district court denied the motion. Villalobos has appealed.

Villalobos' motion probably could be disposed of on procedural grounds for being successive or untimely. Likewise, the notion of a jurisdictional defect based on an insufficient factual basis is, at best, debatable. But we bypass that debate and the

2

procedural outs to review and reject the bedrock presumption on which Villalobos has built his argument—the supposed deficiency of the factual basis for the plea.

At the plea hearing, the prosecutor outlined a condensed version of what the State's evidence would be at trial:

On November 1, 2007, at 3:41 a.m., in Wichita, Sedgwick County, Kansas, Villalobos approached a man filling a coin-operated newspaper rack in front of a gas station and asked if he had any money. While making the request, Villalobos reached toward the waistband of his pants and threatened to shoot the man. Villalobos said, "'I have a gun.'" The victim, believing Villalobos had a handgun, gave him a $20 bill. Villalobos fled.

The crime of aggravated robbery then entailed the taking of property from a person by force or threat of bodily harm if the perpetrator was armed with a deadly weapon. K.S.A. 21-3427. (Although beside the point, it still does under the recodified version in K.S.A. 2014 Supp. 21-5420.) Villalobos argues the State's proffered factual basis failed to satisfy the elements of aggravated robbery because he didn't brandish a deadly weapon and the victim didn't see one.

But, as the Kansas Supreme Court has held, aggravated robbery does not require the perpetrator to display a deadly weapon or the victim to observe one. The perpetrator need only possess the weapon during the commission of the offense. *State v. Holbrook*, 261 Kan. 635, 639-40, 932 P.2d 958 (1997); *State v. Oliver*, 19 Kan. App. 2d 842, 843-44, 877 P.2d 975 (1994). On this point, *Holbrook* is legally and factually indistinguishable from the circumstances here. Holbrook made statements and gestures virtually the same as those attributed to Villalobos, and his victim never saw a handgun or other weapon. Holbrook went to trial. The jury convicted him. On appeal, he challenged the sufficiency of the evidence, and the court rejected the point as meritless.

3

261 Kan. at 641. The court found sufficient evidence to convict of aggravated robbery when "[b]y word and gestures, the robber informed the victim he was armed with a gun and would shoot the victim if he did not turn over the demanded money." 261 Kan. at 641.

The proffer in this case fits that standard to a T. So it was legally and factually sufficient to support Villalobos' conviction for aggravated robbery on his no contest plea. The rule makes sense. As we have noted, the statutory definition of aggravated robbery did not require the weapon be brandished. And Villalobos' declaration to the victim that he had a gun was circumstantial evidence that he did, indeed, have one. Villalobos' fundamental position here has no more merit than did Holbrook's sufficiency-of-the-evidence argument, which is to say none.

Villalobos, of course, could have gone to trial on the theory he didn't really have a gun and was only bluffing, *i.e.*, lying to the victim. Were the jurors to find such revisionist testimony created a reasonable doubt, they would have convicted Villalobos of simple robbery, a lesser felony. Villalobos chose not to gamble on a guilt-based defense and accepted a favorable plea agreement instead.

In short, Villalobos has offered arguments misconceiving the evidence necessary to establish the elements of aggravated robbery. The district court properly denied his motion for that reason.

Affirmed.