NOT DESIGNATED FOR PUBLICATION

No. 117,901

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY JOE BARKER, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; MICHAEL E. WARD, judge. Opinion filed October 19, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Billy Joe Barker, Jr. appeals his sentences on multiple convictions claiming they are illegal because the district court lacked jurisdiction to resentence him.

In 1997, Barker engaged in a dispute with a neighbor and his wife. After law enforcement arrived, Barker began a shootout with several officers. In 1998 a jury convicted Barker of attempted first-degree murder of Officer Timothy Soule, attempted first-degree murder of Officer Ryan Winfrey, attempted first-degree murder of Officer Calvin Schaeffer, aggravated assault of Officer Jim Oliver, aggravated battery, domestic battery, and obstructing legal process or officer duty. The district court sentenced Barker to a term of 356 months' imprisonment for the primary crime of attempted first-degree

murder of Officer Soule. The court sentenced Barker to a term of 206 months' imprisonment for the attempted first-degree murder of Officer Winfrey. The court ordered these sentences served consecutive, giving Barker a controlling sentence of 562 months. The district court also sentenced Barker to a term of imprisonment of 206 months for the attempted first-degree murder of Officer Schaeffer; 43 months for aggravated battery; 19 months for aggravated assault of Officer Oliver; 7 months for obstructing legal process; and a 6-month sentence in the county jail for domestic battery—all to run concurrent to the controlling sentence.

The Kansas Court of Appeals affirmed Barker's convictions on all but two counts in his direct appeal. It reversed the conviction of attempted first-degree murder involving Officer Soule and remanded for a new trial on that count. *State v. Barker*, No. 81,092, unpublished opinion filed May 26, 2000. The court also reversed Barker's aggravated assault conviction without remanding it for a new trial.

The State declined to retry Barker for the attempted first-degree murder of Officer Soule. Since the *Barker* court reversed the primary crime, the district court resentenced Barker in April 2001 as required under K.S.A. 2000 Supp. 21-4720(b). First, the court established a new primary crime—Barker's conviction of attempted first-degree murder of Officer Winfrey. It sentenced Barker to a term of imprisonment of 356 months for the new primary crime and 206 months for the attempted first-degree murder of Officer Schaeffer. With the two sentences to run consecutive, Barker's new controlling sentence was the exact length as his previous sentence—562 months. Finally, the court sentenced Barker to a term of imprisonment of 43 months for aggravated battery; 7 months for obstructing legal process; and a 6-month county jail sentence for domestic battery. The court ordered all of these sentences to run concurrent with Barker's controlling sentence.

In 2016, Barker claimed his sentence was illegal because changing caselaw reduced his criminal history score. He alleged the district court lacked jurisdiction to resentence him in 2001. At his resentencing, the court adjusted Barker's criminal history

2

score but declined to find it lacked jurisdiction when it resentenced him in 2001. Because of the modification of Barker's criminal history score, the court modified his controlling sentence from a term of 562 months to a term of 514 months' imprisonment.

On appeal, Barker alleges his sentence is illegal because the district court lacked jurisdiction to resentence him in 2001. He appears to allege the court lacked statutory authority to resentence him. He also appears to claim the court lacked authority because his conviction for attempted first-degree murder of Officer Soule was not reversed, but remanded for a new trial. Barker is incorrect.

An illegal sentence, as contemplated by K.S.A. 2017 Supp. 22-3504(1), is "'"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served."' [Citations omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Interpretation of the Kansas Sentencing Guidelines Act (KSGA) is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 1999 Supp. 21-4720(b) controlled Barker's original sentence in his multiple conviction case. It authorized the sentencing court to impose concurrent or consecutive sentences in multiple conviction cases. To do so, the sentencing court must establish a base sentence for the primary crime—the crime with the highest severity level in the KSGA. The defendant's criminal history score is applied to the defendant's base sentence but not to the nonbase sentences. K.S.A. 1999 Supp. 21-4720(b)(2), (5).

3

In 2000, the Legislature amended K.S.A. 21-4720(b)(5) to provide:

"In the event a *conviction* designated as the primary crime in a multiple conviction case is reversed on appeal, the appellate court shall remand the multiple conviction case for resentencing. Upon resentencing, if the case remains a multiple conviction case the court shall follow all of the provisions of this section concerning the sentencing of multiple conviction cases." (Emphasis added.)

In *State v. Montgomery*, 34 Kan. App. 2d 511, 516, 120 P.3d 1151 (2005), the court found this amendment applies retroactively. In *Montgomery*, the district court sentenced Montgomery on two convictions—his primary crime of aggravated robbery and his other offense of attempted rape. The *Montgomery* court reversed the aggravated robbery conviction, making the attempted rape conviction the primary crime. The State requested the district court resentence Montgomery under K.S.A. 2000 Supp. 21-4720(b)(5), the district court declined, and the State appealed.

The *Montgomery* court analyzed K.S.A. 2000 Supp. 21-4720(b)(5) and concluded the 2000 amendment did not change existing law, it merely clarified how the statute should operate. The court also concluded retroactive application of K.S.A. 2000 Supp. 21-4720(b)(5) would not prejudice Montgomery's substantive rights for two reasons. First, the KSGA always required the district court to apply the defendant's full criminal history score to his or her primary crime. Next, even if a jury had acquitted him of aggravated robbery and the district court only sentenced him for attempted rape, Montgomery would receive the same sentence as the retroactively applied K.S.A. 2000 Supp. 21-4720(b)(5). The court further concluded the district court did not violate Montgomery's due process rights by retroactively applying K.S.A. 2000 Supp. 21-4720(b)(5) because Montgomery did not face additional punishment. 34 Kan. App. 2d at 515-17.

Here, the district court did not err in resentencing Barker. In Barker's direct appeal, the court reversed "the conviction of attempted first-degree murder involving Officer

Soule and remanded for a new trial on this count." *Barker*, No. 81,092, at *2. The attempted first-degree murder involving Officer Soule was Barker's primary crime. When the court reversed the conviction of Barker's primary crime and the State declined to retry it, the district court had to follow the sentencing provisions of K.S.A. 2000 Supp. 21-4720(b)(5). Although the Legislature amended the statute after Barker's original sentencing, the amendment did not change existing law, it clarified existing law. *Montgomery*, 34 Kan. App. 2d at 515. Under existing law, the district court had to establish a new base sentence for Barker's new primary crime—the attempted first-degree murder of Officer Winfrey. See K.S.A. 2000 Supp. 21-4720(b)(2), (5). Without a new primary crime, the district court could not establish a base sentence.

Moreover, retroactive application of K.S.A. 2000 Supp. 21-4720(b)(5) does not violate Barker's due process rights. See *Montgomery*, 34 Kan. App. 2d at 516-17. The KSGA has always required the district court apply the defendant's full criminal history score to the defendant's primary crime. See 34 Kan. App. 2d at 517. Excluding the 2016 correction to Barker's criminal history score, the length of his new controlling sentence did not change—the district court originally sentenced him to 562 months and resentenced him in 2001 to 562 months. Barker did not receive additional punishment. Instead, his term of imprisonment equals the sentence he would receive if a jury acquitted him of the attempted first-degree murder charge involving Officer Soule. See 34 Kan. App. 2d at 517.

Barker also argues *State v. Tafoya*, 304 Kan. 663, 372 P. 3d 1247 (2016), applies. At issue was whether the *Tafoya* court's ruling or its mandate reversed Tafoya's sentence, making his remand to the district court a new resentencing. The court's ruling appeared to contradict its mandate. The court upheld Tafoya's conviction and sentence but found the district court had erred when fining Tafoya without making factual findings about his finances. The *Tafoya* court vacated the fine and remanded it for reconsideration, but the court's mandate read otherwise. "'Affirmed in part; sentence vacated and remanded for resentencing.'" 304 Kan. at 664 (quoting *State v. Tafoya*, No. 100,784, 2010 WL

5

5185473, at *10 [Kan. App. 2010] [unpublished opinion]). The Kansas Supreme Court determined the analysis used in the appellate court case established it did not intend to vacate Tafoya's sentence and remand it for resentencing. The Supreme Court noted "the substance of the Court of Appeals ruling controls over the form its ruling takes." *Tafoya*, 304 Kan. at 670.

The ruling and mandate in Barker's case are unlike those in *Tafoya*. Compare *Barker*, No. 81,092, at *2, 13, with 304 Kan. at 667. At the beginning of Barker's direct appeal, the Kansas Court of Appeals stated "[w]e reverse the conviction of attempted first-degree murder involving Officer Soule and remand for a new trial on this count." No. 81,092, at *2. In its mandate, the court explained Barker's case was "[a]ffirmed in part, reversed in part, and remanded for a new trial on the charge of attempted first-degree murder involving Officer Soule." No. 81,092, at *13. In *Tafoya*, the Court of Appeals ruled "'Tafoya's fine must be vacated and the case must be remanded for reconsideration of the method of payment of the fine'" but mandated "'[Tafoya's] sentence vacated and remanded for resentencing.'" 304 Kan. at 667 (quoting *Tafoya*, 2010 WL 5185473, at *9-10). At best, the appellate ruling and the mandate in Barker's direct appeal are complimentary, while their counterparts in *Tafoya* are contradictory. Even if the ruling and mandate in Barker's direct appeal could be read as contradictory, the holding in *Tafoya* requires us to follow the substance of the ruling not the form of the mandate in Barker's direct appeal. See 304 Kan. at 670. That substance is the appellate court's reversal and remand of Barker's conviction of attempted first-degree murder involving Officer Soule. Thus, the district court had proper jurisdiction to readdress Barker's case.

Affirmed.